UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JOSUE ORTIZ,

                Plaintiff,            **DECISION AND ORDER**

      v.                                1:16-CV-00321 EAW

RICHARD WAGSTAFF, MARY GUGLIUZZA,
BPD DOES 1-12, BUFFALO POLICE
DEPARTMENT, THE CITY OF BUFFALO,
MARK STAMBACH, and MARK VAUGHN,

                Defendants.

───────────────────────────────

## INTRODUCTION

Plaintiff Josue Ortiz ("Plaintiff") has sued Defendants for violations of his civil rights related to his arrest and conviction for the murders of Nelson and Miguel Camacho, and his subsequent exoneration. (Dkt. 1). The matter has been referred to Magistrate Judge Hugh B. Scott for hearing and disposition of all non-dispositive motions or applications, supervision of discovery, and to hear and report upon dispositive motions for consideration by the district judge. (Dkt. 33).

Currently pending before the Court is Judge Scott's Report and Recommendation dated December 12, 2017 (Dkt. 44) (the "R&R"), regarding Defendants' motion for judgment on the pleadings[1] or in the alternative to compel the production of documents

---

[1] Defendants refer to their motion as a "Motion for Dismissal of Plaintiff's Complaint pursuant to Rules 12(b)(6) and/or 12(c) of the Federal Rules of Civil Procedure[.]" (Dkt.

- 1 -

(Dkt. 32) and Plaintiff's cross-motion for leave to file an amended complaint (Dkt. 37). For the reasons set forth below, the Court adopts in part and rejects in part the R&R, grants Plaintiff's cross-motion for leave to file an amended complaint except to the extent Plaintiff seeks to assert an abuse of process claim or to assert claims against the City of Buffalo, denies as moot Defendants' motion for judgment on the pleadings, and grants Defendants' alternative request to compel discovery.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual background underlying the instant action and the pending motions is set forth in detail in the R&R, familiarity with which is assumed for purposes of this Decision and Order. The Court has summarized the relevant facts in its analysis as necessary.

The instant action was filed on April 25, 2016. (Dkt. 1). Defendants filed their Answer to the Complaint on August 15, 2016. (Dkt. 6). On September 29, 2016, Judge Scott entered a Scheduling/Case Management Order providing, in relevant part, that motions to amend the pleadings were due by no later than October 28, 2016. (Dkt. 10 (the "Scheduling Order")). Significant discovery disputes in this matter and the related matter of *Ortiz v. Case*, Civil Action No. 1:16-cv-00322, regarding the production of files related

---

32-1 at 1). A motion to dismiss pursuant to Rule 12(b)(6) must be filed before an answer is interposed. *See Leather v. Eyck*, 180 F.3d 420, 423 n.4 (2d Cir. 1999). "A Rule 12(b)(6) motion filed after a defendant answers the complaint should be treated as a motion for judgment on the pleadings, under FRCP 12(c)." *Wojtczak v. Safeco Prop. & Cas. Ins. Companies*, 669 F. Supp. 2d 305, 311 (W.D.N.Y. 2009). Accordingly, the Court has treated Defendants' motion as a motion for judgment on the pleadings pursuant to Rule 12(c).

to the investigation and prosecution of Plaintiff's state homicide case subsequently arose. (*See generally* Dkt. 26). Motion practice related to these discovery disputes was occurring in the state court by October 2016. (*See* Dkt. 41-1 at 4-5). While these discovery disputes were pending, many of the deadlines set forth in the Scheduling Order, including the deadline for amendment of pleadings, expired.

In early February 2017, counsel for the parties agreed upon a proposed amended scheduling order pursuant to which motions to amend the pleadings would have been due by February 28, 2017. (*See* Dkt. 40-1). However, this proposed amended scheduling order was never approved by Judge Scott or entered on the docket. Shortly thereafter, on March 16, 2017, Judge Scott entered a Text Order holding all deadlines in the Scheduling Order in abeyance pending the resolution of various outstanding discovery issues, in response to Plaintiff having "raised issues regarding the Scheduling Order (Docket No. 10) deadlines." (Dkt. 19).

Defendants filed their motion for judgment on the pleadings or, in the alternative, to compel on August 17, 2017. (Dkt. 32). Plaintiff filed his response and cross-motion for leave to amend on October 6, 2017. (Dkt. 37). Defendants filed a response in opposition to Plaintiff's cross-motion on October 25, 2017 (Dkt. 40), and the parties filed replies on November 2, 2017 (Dkt. 41; Dkt. 42). Judge Scott issued the R&R on December 13, 2017. (Dkt. 44). The R&R recommends that the Court grant Defendants' motion for judgment on the pleadings and that Plaintiff's cross-motion for leave be "granted in part only to allow

amendment to remove the Buffalo Police Department as a suable party and denied as to the remaining amendments . . . on timeliness [grounds]." (*Id.* at 18-21). However, recognizing that the presiding district judge might disagree with his analysis of the timeliness issue, Judge Scott also considered the merits of Plaintiff's proposed amended complaint, and found that all of Plaintiff's proposed claims except his claim for abuse of process and his claims against the City of Buffalo were viable. (*Id.* at 23-32). Judge Scott also found that Defendants would not be prejudiced by the filing of the proposed amended complaint. (*Id.* at 21-22). Finally, Judge Scott found that in the event any of Plaintiff's claims or proposed amended claims were permitted to proceed, Defendants' alternative request to compel discovery should be granted. (*Id.* at 34).

Plaintiff filed objections to the R&R on January 5, 2018. (Dkt. 47). Defendants filed their response on January 26, 2018 (Dkt. 49), and Plaintiff filed his reply on February 8, 2018 (Dkt. 50). Approximately one year later, on February 11, 2019, the presiding district judge recused himself. (Dkt. 55). The matter was subsequently reassigned to the undersigned.

## DISCUSSION

I. **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(C), where a party makes specific objections to a magistrate judge's report and recommendation, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The Court reviews unobjected-to findings for clear error." *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012). After conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In this case, Plaintiff has objected to Judge Scott's recommendations that his cross-motion for leave to amend be denied, that his proposed cause of action for abuse of process be found futile, and that Defendants' motion for judgment on the pleadings be granted. (Dkt. 47). Defendants have not filed objections to the R&R.

The Court has reviewed the issues identified in Plaintiff's objections *de novo* and, for the reasons discussed below, rejects the R&R to the extent that it recommends Plaintiff's cross-motion for leave to amend be denied on timeliness grounds. The Court adopts the R&R's assessment of the merits of Plaintiff's proposed amended complaint. In light of the Court's resolution of the cross-motion for leave to amend, the Court denies Defendants' motion for judgment on the pleadings as moot. The Court adopts Judge Scott's unobjected-to recommendation that Defendants' alternative request to compel discovery be granted.

## II. Plaintiff's Cross-Motion for Leave to Amend

In recommending a proposed resolution of the pending motions, the R&R first considered whether Plaintiff should be permitted to file an amended complaint. As set

forth above, the R&R concluded that the vast majority of Plaintiff's cross-motion should be denied because the request is untimely. The Court disagrees, for the reasons discussed below.

A.   **Legal Standard**

"A district court has broad discretion in determining whether to grant leave to amend[.]" *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Two provisions of the Federal Rules of Civil Procedure guide the Court's analysis of a motion for leave to amend where the deadline for such motions, as set forth in a scheduling order, has passed. The first is Rule 15(a)(2), which provides that once the time for leave to amend as of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The second is Rule 16(b)(4), which provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Where, as here, a scheduling order governs amendments to the complaint, . . . the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotations and citations omitted).

"In determining whether a movant has satisfied the 'good cause' standard under Rule 16(b), 'the primary consideration is whether the moving party can demonstrate

diligence.'" *Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) (quoting *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). However, diligence is "not . . . the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244.

Additionally, in considering whether to allow amendment, the Court should consider whether the proposed amendments are futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

### B. Timeliness of Plaintiff's Motion to Amend

Here, having taken into account the relevant factors and upon *de novo* consideration, the Court finds that Plaintiff should be permitted to file his proposed amended complaint, except insofar as it asserts a claim for abuse of process or claims against the City of Buffalo. With respect to timeliness, the Court finds that good cause for amendment of the Scheduling Order's deadline exists. The deadlines in the Scheduling Order were missed largely because of the ongoing discovery disputes, which ultimately required motion practice in both state court and this Court, and which appear to have been diligently litigated by Plaintiff. The Court further finds that Plaintiff could not have known, at the

time the proposed case management plan was submitted, that such significant and time-consuming discovery disputes would arise. While Plaintiff should have sought an extension of the deadline prior to its expiration, Plaintiff did seek an extension of the deadline for motions to amend in February 2017, which Defendants agreed to at that time. While this extension was never entered by the Court, shortly thereafter Judge Scott held the Scheduling Order's deadlines in abeyance, which Plaintiff may have mistakenly believed meant that a new deadline for filing motions to amend was to be set. There is no question that Plaintiff acted recklessly in not confirming the status of any deadline to amend the pleadings, but on this record the Court cannot conclude that Plaintiff ignored the deadline. Upon consideration of all the relevant facts and circumstances, and balancing the requirements of Rule 16(b)(4) with the liberal policy in favor of amendments set forth in Rule 15(a)(2), the Court finds that Plaintiff was sufficiently diligent to satisfy the requirements of Rule 16(b)(4).

In addition, the Court agrees with Judge Scott that there is no prejudice to Defendants in allowing the proposed amendments, for the reasons set forth in the R&R. (*See* R&R at 21-23). No party has objected to this conclusion, and the Court finds no error in Judge Scott's recommendation in this regard. The Court further finds that justice requires permitting Plaintiff leave to amend, inasmuch as Plaintiff has viable claims against Defendants and no prejudice to Defendants will result from amendment. For these reasons,

the Court rejects the R&R's recommendation that the majority of the motion for leave to amend be denied as untimely.

## C. The Merits of Plaintiff's Proposed Amendments

Having determined that the good cause requirement of Rule 16(b)(4) has been satisfied in this case, the Court next considers whether Plaintiff's proposed claims are futile. Judge Scott considered this issue and concluded that Plaintiff's proposed claims for false arrest and imprisonment, malicious prosecution, violation of the right against self-incrimination, violation of the right to due process, and failure to produce exculpatory evidence were not futile as to all defendants except the City of Buffalo. (*See* R&R at 23-32). No party has objected to this portion of the R&R and so the Court has reviewed it for clear error only. The Court finds no error, clear or otherwise, in Judge Scott's consideration of the merits of Plaintiff's proposed claims for false arrest and imprisonment, malicious prosecution, violation of the right against self-incrimination, violation of the right to due process, and failure to produce exculpatory evidence, and therefore adopts these aspects of the R&R.

Judge Scott further concluded that Plaintiff's proposed claim for abuse of process was futile. In particular, Judge Scott found that Plaintiff had failed to allege a "collateral purpose or objective for defendants arresting and prosecuting him," as required to maintain an abuse of process claim. (R&R at 25-26).² Plaintiff objects to this portion of the R&R,

---

² "In New York, a malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act

arguing that the absence of probable cause is sufficient, standing alone, to establish a collateral objective. (Dkt. 47 at 11-12).

The Court has considered this issue *de novo* and agrees with Judge Scott that Plaintiff's proposed claim for abuse of process is futile. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Courts in this Circuit have routinely held that "even where probable cause does not support a plaintiff's prosecution, the failure to plead a collateral objective is fatal to an abuse of process claim." *Isaac v. City of N.Y.*, No. 16-CV-4729 (KAM), 2018 WL 5020173, at *9 n.15 (E.D.N.Y. Aug. 6, 2018), *report and recommendation adopted*, 2018 WL 4583481 (E.D.N.Y. Sept. 24, 2018) (collecting cases). As these courts have explained, a "collateral purpose" in the context of an abuse of process claim "must exist beyond or in addition to the criminal prosecution" and "is usually characterized by personal animus." *Folk v. City of N.Y.*, 243 F. Supp. 3d 363, 375 (E.D.N.Y. 2017) (internal quotations and alteration omitted). Accordingly, a lack of probable cause is not enough, standing alone, to demonstrate the existence of a collateral objective.

---

(2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). A collateral purpose is distinct from a malicious motive and "to state a claim for abuse of criminal process, it is not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him by pursuing his arrest and prosecution. Instead, he must claim that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." *Savino v. City of N.Y.*, 331 F.3d 63, 77 (2d Cir. 2003).

Moreover, the other "collateral objectives" Plaintiff purports to assert—complying with the City of Buffalo's policies, "padding the police officers' conviction rates," and "avoid[ing] embarrassment when the real killer[s] were found" (Dkt. 47 at 12)—are all related to Defendants' roles as police officers and do not show a collateral objective as required to state a viable abuse of process claim. *See Folk*, 243 F. Supp. 3d at 375 (rejecting argument that motivations such as wanting credit for an additional arrest or obtaining additional overtime were "collateral objectives," because they "directly relate to the Individual Defendants' roles as police officers and the criminal prosecution").

In the R&R, Judge Scott also considered whether Plaintiff's proposed amended complaint states a viable claim against the City of Buffalo. (R&R at 31-32). Judge Scott suggested in the R&R that Plaintiff's claims were insufficiently pled as to the City of Buffalo, but ultimately held that "[g]iven the tardiness of plaintiff's amendment, . . . this Court need not address whether the municipal liability claims are also futile." (*Id.* at 32). However, because the Court finds that amendment is not prohibited on timeliness grounds, it must reach this issue.

The Court has reviewed the proposed amended complaint and concludes that it fails to state a claim as to the City of Buffalo. "Under the standards of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a municipality can be held liable under Section 1983 if the deprivation of a plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Ameduri v. Vill.*

*of Frankfort*, 10 F. Supp. 3d 320, 340 (N.D.N.Y. 2014). "A general and conclusory allegation of a municipal policy or custom fails to state a facially plausible *Monell* claim." *Valdiviezo v. Boyer*, No. 17-1093, 2018 WL 5096345 (2d Cir. Oct. 18, 2018) (quotation omitted). Accordingly, "[t]o survive a motion to dismiss, Plaintiffs cannot merely allege the existence of a municipal policy or custom, but 'must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.' Put another way, conclusory allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details." *Kucharczyk v. Westchester Cty.*, 95 F. Supp. 3d 529, 540 (S.D.N.Y. 2015) (quoting *Santos v. New York City*, 847 F.Supp.2d 573, 576 (S.D.N.Y. 2012)).

In this case, Plaintiff has included in the proposed amended complaint a list of purported customs and policies of the City of Buffalo. (*See* Dkt. 37-5 at ¶¶ 68-69, 71)[3]. Nearly all of these purported customs and policies are stated in purely conclusory terms. For example, Plaintiff alleges that the City of Buffalo had a custom or policy of "deliberate indifference to the constitutional rights of citizens" and a custom or policy of "tolerat[ing] or condon[ing] police officers' acts of misconduct and constitutional violations." (*Id.* at ¶ 69). The Second Circuit has recently confirmed that under *Monell*, the "mere assertion ... that a municipality has ... a custom or policy is insufficient in the absence of allegations

---

[3] The proposed amended complaint does not contain a paragraph numbered 70.

of fact tending to support, at least circumstantially, such an inference." *Montero v. City of Yonkers*, 890 F.3d 386, 403-04 (2d Cir. 2018) (quotation omitted).

Plaintiff's proposed amended complaint fails to allege any facts that would even circumstantially support an inference that the identified municipal customs and policies exist, and therefore fails to state a viable claim as to the City of Buffalo. *See Gross v. City of Albany*, No. 1:14-CV-0736 LEK/TWD, 2015 WL 5708445, at *4 (N.D.N.Y. Sept. 29, 2015) ("Mere allegations of a municipal custom or inadequate training and/or supervision are insufficient to state a plausible claim of municipal liability unless supported by factual details."). To the contrary, Plaintiff's factual allegations relate solely to conduct in his own case, "which is insufficient to establish *Monell* liability." *Bryant v. Ciminelli*, 267 F. Supp. 3d 467, 475 (W.D.N.Y. 2017) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)); *see also Green v. City of N.Y.*, 465 F.3d 65, 81 (2d Cir. 2006) ("A reasonable jury could not find that evidence of one instance [of a constitutional violation] constituted a practice so manifest as to imply the constructive acquiescence of senior policy-making officials.") (quotation omitted).

The only potential *Monell* claim with regard to which Plaintiff's proposed amended complaint offers any specifics is the claim that the City of Buffalo had a custom or policy of "intentionally fail[ing] to accept uncontradicted proof from the US Attorneys' office and the FBI of the actual innocence of previously convicted defendants including [Plaintiff]." (Dkt. 37-5 at ¶ 69). However, it is a matter of public record (and Plaintiff acknowledges

in the related matter of *Ortiz v. Case*, Civil Action No. 1:16-cv-00322) that it was the Erie County District Attorney's Office, and not the City of Buffalo, that had decision-making authority with respect to whether or not to seek vacatur of Plaintiff's conviction. Indeed, Plaintiff's own proposed amended complaint acknowledges that the United States Attorney's Office sent the evidence related to Plaintiff's innocence to the Erie County District Attorney's Office. (Dkt. 37-5 at ¶¶ 53-54). The proposed amended complaint fails to set forth any factual allegations supporting the inference that the City of Buffalo could have intervened or forced the Erie County District Attorney's Office to seek vacatur of Plaintiff's criminal conviction, and therefore fails to state a viable claim with respect to this purported municipal policy or custom. *See Collins v. W. Hartford Police Dep't*, 324 F. App'x 137, 139 (2d Cir. 2009) (affirming dismissal of *Monell* claims where the plaintiff "failed to identify a municipal policy or custom that caused him injury").

For all these reasons, the Court finds that Plaintiff's proposed amended complaint does not state a viable *Monell* claim against the City of Buffalo. As such, Plaintiff will not be permitted to include the City of Buffalo as a defendant in his amended complaint.

## III. Defendants' Motion for Judgment on the Pleadings

"Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 402 (W.D.N.Y. 2008). "In deciding a Rule 12(c) motion for judgment on the pleadings, the court should

'apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Aboushama v. EMF Corp.*, 214 F. Supp. 3d 202, 205 (W.D.N.Y. 2016) (quoting *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015)).

Here, Defendants' motion for judgment on the pleadings is addressed to the original Complaint. However, for all the reasons previously discussed, Plaintiff will be permitted to file an amended complaint. "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Accordingly, because the original Complaint will no longer be the operative pleading in this matter, its adequacy is no longer relevant, and Defendants' motion for judgment on the pleadings is denied as moot. *See Thompson v. Pallito*, 949 F. Supp. 2d 558, 582 (D. Vt. 2013) ("[M]otions addressed to the original complaint are generally regarded as moot upon the filing of an amended complaint.").

## IV. Defendants' Alternative Request to Compel Discovery

In their motion for judgment on the pleadings, Defendants made an alternative request to compel discovery. In the R&R, Judge Scott recommended that this request be granted in the event any of Plaintiff's claims were permitted to proceed. (R&R at 34). No party has objected to this recommendation, and the Court has not found clear error upon review.[4] As such, the Court adopts Judge Scott's recommendation and grants Defendants'

---

[4] Not only were no objections to Judge Scott's recommended disposition of the request to compel filed, "motions to compel discovery are among those most traditionally

request to compel. The Court leaves it to Judge Scott to set appropriate deadlines for compliance with this aspect of the Court's Decision and Order.

## CONCLUSION

For the reasons set forth above, the Court rejects in part and adopts in part the R&R (Dkt. 44). The Court grants Plaintiff's cross-motion for leave to file an amended complaint (Dkt. 37) except to the extent Plaintiff seeks to assert an abuse of process claim or to assert claims against the City of Buffalo. The Court denies as moot Defendants' motion for judgment on the pleadings (Dkt. 32) and grants Defendants' alternative request to compel discovery (*id.*).

Plaintiff is instructed to file an Amended Complaint that is in accord with this Decision and Order by no later than March 27, 2019. The parties shall confer with Judge Scott regarding Plaintiff's deadline to produce the documents sought by Defendants.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 18, 2019
Rochester, New York

---

non-dispositive in nature," *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 685-86 (N.D.N.Y. 2015), and the Court reviews a magistrate judge's disposition on a non-dispositive matter for clear error only.