UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSUE ORTIZ,

               Plaintiff,                               **DECISION AND ORDER**

       v.                                             1:16-CV-00321 EAW

MARK STAMBACH,

               Defendant.
_____

## BACKGROUND

Plaintiff Josue Ortiz ("Plaintiff") sued defendant Mark Stambach ("Defendant"), a former police detective for the City of Buffalo (the "City"), for violations of his civil rights related to his arrest, conviction, and incarceration for two murders that he did not commit. (Dkt. 1). A jury found in Plaintiff's favor after a five-day trial, and awarded $5 million in compensatory damages and $1.5 million in punitive damages. (Dkt. 158; Dkt. 160; Dkt. 162). Judgment was entered on May 10, 2022. (Dkt. 164). Following the Court's resolution of the parties' post-trial motions (Dkt. 195), Defendant filed a notice of appeal (Dkt. 197).

Currently pending before the Court is Defendant's motion to stay enforcement of the judgment pending appeal and to waive the requirement that he secure a bond. (Dkt. 198). Plaintiff filed a response to this motion on April 14, 2023 (Dkt. 205), and Defendant

- 1 -

filed a reply on April 21, 2023 (Dkt. 206). For the reasons that follow, Defendant's motion is granted.

## DISCUSSION

Prior to 2018, Federal Rule of Civil Procedure 62(d) "provide[d] that an appellant [was] entitled to a stay pending appeal by posting a supersedeas bond." *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015). However, a district court was permitted, in its discretion, to "waive the bond requirement if the appellant provide[d] an acceptable alternative means of securing the judgment." *Id*. (quotation omitted). In *Nassau County*, the Second Circuit set forth a list of non-exclusive factors for district courts to consider "in determining whether to waive the supersedeas bond requirement under Rule 62(d)." *Id*. Those factors are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id*. at 417-18 (quoting *Dillon v. Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)).

Rule 62 was amended in 2018 and the relevant provision now appears at subparagraph b, which provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other

security." Fed. R. Civ. P. 62(b); *see also* Fed. R. Civ. P. 62, Advisory Committee's Note to 2018 Amendments ("Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)."). The 2018 amendments to Rule 62 "made explicit the opportunity to post security in a form other than a bond." *Petroleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, No. 19 CIV. 10023 (KPF), 2020 WL 7711522, at *2 (S.D.N.Y. Dec. 29, 2020) (quotation omitted). Even following the 2018 amendments, "courts continue to rely on the *Nassau County* factors in determining whether to waive the bond or other security requirements of Rule 62(b)." *Id*. at *2 n.3.

Here, Defendant contends that he has offered adequate other security because the City—which has agreed to satisfy the judgment in the event Defendant is unsuccessful on appeal (*see* Dkt. 198-2 at ¶ 3)—has transferred $6.5 million to a separate account reserved specifically for payment of the judgment. The City's accountant has sworn under penalty of perjury that this account will be maintained only for the potential satisfaction of the judgment issued in this case, that the funds therein will not be used or appropriated for any other purpose, and that funds will be added to the account to address any interest awarded to Plaintiff. (*See* Dkt. 206-1 at ¶¶ 6-8).

Considering the circumstances of this case and the *Nassau County* factors, the Court concludes that Defendant has identified an acceptable alternative means of securing the judgment, such that the bond requirement should be waived. As to the first two *Nassau County* factors—the complexity of the collection process and the amount of time required

to obtain the judgment after it is affirmed on appeal—the City's accountant has stated in a sworn affidavit that if Defendant's appeal is unsuccessful and the judgment becomes final and un-appealable, "the Comptroller's Office can remit payment from the" account holding the reserved funds upon request from the City's corporation counsel, and "it would take approximately two business days . . . to remit payment from the account to any account identified by [Plaintiff] or his attorneys." (*Id*. at ¶ 9). The entire process of receiving the request for payment and remitting payment would take only approximately five business days. (Dkt. 198-2 at ¶¶ 11-14).

The Court further has a high degree of confidence in the availability of funds to pay the judgment. Not only is the City—which is the second largest city in the state of New York—projected to have more than $109,000,000 available for cash disbursements at the end of the fiscal year (*id.* at ¶¶ 8-9), as noted above, it has specifically set aside the full amount of the judgment in a separate account that will not be used for any other purpose (Dkt. 206-1 at ¶¶ 6-8). Similarly, because it is plain that the City, which has agreed to indemnify Defendant, has the ability to pay the judgment, the cost of a bond—which would be up to $400,000 (*see* Dkt. 198-2 at ¶ 16)—would be a waste of money.

As to the final *Nassau County* factor, it is not applicable under the circumstances of this case. Accordingly, the factors as a whole weigh in favor of dispensing with the bond requirement. *See Nassau County*, 783 F.3d at 418 (waiving bond requirement because "Nassau County has demonstrated the existence of appropriate funds, available for the

purpose of paying judgments without substantial delay or other difficulty." (quotation omitted)).

The Court is not persuaded by Plaintiff's arguments to the contrary. The main objection Plaintiff raises is that Defendant has not offered adequate other security for the judgment. (*See* Dkt. 205 at 5-6). In particular, Plaintiff objects to the fact that, at the time the motion for a stay was originally filed, the City had not specifically allocated or set aside funds to pay the judgment in this matter. (*Id*. at 6-7). However, that objection has been mooted by the City having now specifically set aside funds to pay the judgment, which funds will not be used or allocated for any other purpose. *Cf. Gilead Community Services, Inc. v. Town of Cromwell*, 604 F. Supp. 3d 1, 33 (D. Conn. 2022) (denying motion to waive bond because town had not set aside assets to pay the judgment, but staying execution of judgment for 90 days "to allow the Town to provide evidence that funds have been allocated or unencumbered specifically to ensure that the judgment will be paid within thirty days of the Second Circuit's decision, should the Town appeal"); *Conte v. County of Nassau*, No. 06-CV-4746-JFB-ARL, 2017 WL 9478355, at *4 (E.D.N.Y. May 4, 2017) (denying motion to waive bond because county had not "submitted any evidence to establish that specific funds have been encumbered to cover the current judgment in plaintiff's favor," but granting temporary stay "to allow the County to provide evidence that funds have been allocated or encumbered specifically to cover the judgment amount

or to otherwise ensure that the judgment will be paid within thirty days of the Second Circuit's decision, should that decision favor plaintiff").

Plaintiff also argues that the City has a "checkered financial history." (Dkt. 205 at 8). Whatever the truth of that assertion, the City's action of setting aside the full amount of the judgment confirms that its present financial situation is such that it is fully capable of paying the judgment if Plaintiff prevails on appellate review. On the record before it, the Court, in its discretion, determines that posting a bond is not necessary to "ensure that the prevailing party will recover in full, if the decision should be affirmed[.]" *Nassau County*, 783 F.3d at 417 (quotation omitted). Accordingly, Defendant's motion is granted.

## CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion (Dkt. 198) and stays enforcement of the judgment in this case (Dkt. 164) pending appeal, without requiring Defendant to post a supersedeas bond.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 26, 2023
       Rochester, New York